The circuit courts of appeals have ruled on that issue, however, and have almost uniformly held that absence from a single hearing is insufficient to support dismissal in the absence of other dilatory behavior. *See, e.g., Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir.1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir.1988); *Tolbert v. Leighton*, 623 F.2d 585, 586 (9th Cir.1980); *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887–88 (5th Cir.1968) *cert. denied* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387; *Meeker v. Rizley*, 324 F.2d 269, 271 (10th Cir.1963); *see also* 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2370 (2d ed.1990). I would follow this federal precedent to conclude that the trial courts inherent authority does not permit dismissal when the only evidence of dilatoriness is the failure to appear at a single hearing.

Accordingly, I would affirm the court of appeals' judgment reinstating the case.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

PER CURIAM.

The above cause has been stayed since September 2000 because of a bankruptcy proceeding initiated by Appellant. The Clerk of this Court has requested status reports from the parties on several occasions. No response has been filed. The Clerk notified the parties by letter dated February 26, 2004 that the appeal may be dismissed unless a status report was filed within ten days. No response has been received. Therefore, this appeal is reinstated and dismissed for want of prosecution. *See Courtney v. City of Waco*, 92 S.W.3d 847, 848 (Tex.App.-Waco 2002, no pet.).

**In the Interest of W.W.U. and M.M.U., Children.**

No. 10-00-00399-CV.

Court of Appeals of Texas, Waco.

March 31, 2004.

Michael Gregory, Ft. Worth, Thomas T. Tatum, Whitehouse, for appellant/relator.

Kelvin Malone, Dallas, for appellee/respondent.

**Albert CARDONA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 07-03-0096-CR.

Court of Appeals of Texas, Amarillo.

May 10, 2004.

